NO. 07-06-0200-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 18, 2007



______________________________




JOHN AARON MENDOZA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;



NO. 2387; HONORABLE GORDON H. GREEN, JUDGE



_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, Appellant, John Aaron Mendoza, was convicted by a
jury of unlawful restraint. Punishment was assessed by the trial court at confinement in the
county jail for one year. By one issue, Appellant challenges the legal and factual
sufficiency of the evidence to support his conviction. We affirm.

 Appellant and the complainant, Milagros Janet Reyes, had an on-again and off-again romantic relationship beginning in October 2004. Appellant was the father of one
of complainant's classmates and was much older than complainant's twenty years. At the
time of the incident giving rise to the underlying trial, complainant had a ten month old son. 
According to her testimony, she was not sure if Appellant was the baby's father. On the
evening of November 5, 2005, Appellant called complainant to arrange for visitation of the
baby. Initially, she said no, but after repeated phone calls into the early morning hours of
November 6, she agreed to meet. Complainant was staying at a girlfriend's house and in
an effort to prevent Appellant from discovering her address, she made arrangements for
Appellant to pick her up one block from her friend's house. At approximately 3:30 a.m.,
with a car seat, extra diapers, and food for the baby in hand, the complainant took the baby
and walked from her friend's house to the pre-arranged meeting place. After picking up
the complainant and her baby, Appellant drove to a local convenience store to buy gas and
get a cup of coffee. According to complainant, without her permission, Appellant then took
her from Muleshoe to Littlefield, approximately forty miles away, where they checked into
a motel. Complainant asserted her Fifth Amendment privilege against self-incrimination
when asked who drove to Littlefield from Muleshoe. While at the motel, Appellant and
complainant fought and Appellant threatened to choke her. Complainant testified that
Appellant took her cell phone and would not let her make calls. They also engaged in
sexual relations, and when complainant was asked at trial if it was consensual, she again
asserted the Fifth Amendment. (1) Approximately five hours later, Appellant drove
complainant and her baby back to Muleshoe and, at complainant's request, dropped her
off at her Aunt Jessica's house. Complainant testified that she did not want to go home
and felt more comfortable at her aunt's house. She slept, and the following day, went to
the Muleshoe Police Department to file a complaint against Appellant. A few days
thereafter, she also gave a statement to the Littlefield Police Department.

 Complainant had bruises, scratches, a busted lip, and numerous bite marks, which
she referred to as "hickeys," which were photographed by law enforcement. Officer Cassie
Crandell testified that when she interviewed complainant, she was crying. She gave
complainant information on victim's rights and also gave her paperwork to pursue a
protective order. 

 Appellant was charged with aggravated kidnapping. The court's charge included
the lesser offenses of kidnapping and unlawful restraint. The jury found Appellant not
guilty of the higher offenses, but guilty of unlawful restraint. Appellant contends the
evidence is legally and factually insufficient to support his conviction.

 When both the legal and factual sufficiency of the evidence are challenged, we must
first determine whether the evidence is legally sufficient to support the verdict. Clewis v.
State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). It is a fundamental rule of criminal law
that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that
the defendant committed each element of the alleged offense. U.S. Const. amend. XIV;
Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2006); Tex. Penal Code Ann. § 2.01
(Vernon 2003). 

 Evidence is legally insufficient if, when viewed in a light most favorable to the
prosecution, a rational trier of fact could not have found each element of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789,
61 L.Ed.2d 560, 573 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). 
This standard is the same in both direct and circumstantial evidence cases. Id. In
measuring the legal sufficiency of the evidence to sustain a conviction, we measure the
elements of the offense as defined by a hypothetically correct jury charge. Malik v. State,
953 S.W.2d 234, 240 (Tex.Crim.App. 1997). This is done by considering all the evidence
that was before the jury--whether proper or improper--so that we can make an
assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512
(Tex.Crim.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but must
uphold the jury's verdict unless it is irrational or unsupported by more than a "mere
modicum" of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). 

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. When conducting a factual
sufficiency review, we examine all the evidence in a neutral light and determine whether
the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State,
144 S.W.3d 477, 484 (Tex.Crim.App. 2004), overruled in part by Watson v. State, 204
S.W.3d 404, 415-17 (Tex.Crim.App. 2006). We cannot reverse a conviction unless we find
some objective basis in the record that demonstrates that the great weight and
preponderance of the evidence contradicts the jury's verdict. Watson, 204 S.W.3d at 417. 
In other words, we cannot conclude that Appellant's conviction is "clearly wrong" or
"manifestly unjust" simply because we disagree with the jury's verdict. Id.; Cain v. State,
958 S.W.2d 404, 407 (Tex.Crim.App. 1997). Additionally, as directed by the Texas Court
of Criminal Appeals, we must consider the most important evidence that Appellant claims
undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). 
We are to consider all evidence in a neutral light when conducting a factual sufficiency
review; however, we are not required to discuss all evidence admitted at trial. See id. See
also Roberts v. State, 221 S.W.3d 659, 665 (Tex.Crim.App. 2007).

 The jury is the exclusive judge of the facts. Tex. Code Crim. Proc. Ann. art. 36.13
& 38.04 (Vernon 2007). As a reviewing court, we must always remain cognizant of the
jury's role and unique position in evaluating credibility and demeanor of witnesses and
giving weight to contradictory testimonial evidence. Johnson v. State, 23 S.W.3d 1, 8-9
(Tex.Crim.App. 2000). Reconciliation of conflicts in the evidence is within the exclusive
province of the jury. Margraves v. State, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000).
Unless the record clearly demonstrates a different result is appropriate, we must defer to
the jury's determination. Johnson, 23 S.W.3d at 8. 

 Before determining whether the evidence is legally sufficient to support Appellant's
conviction, we must review the essential elements the State was required to prove. A
person is guilty of unlawful restraint if he intentionally or knowingly restrains another
person. Tex. Penal Code Ann. § 20.02(a) (Vernon 2003). "Restrain" means to restrict a
person's movements without consent, so as to interfere substantially with the person's
liberty, by moving the person from one place to another or by confining the person. §
20.01(1). Restraint is "without consent" if it is accomplished by force, intimidation, or
deception. § 20.01(1)(A). 

 Initially, we note that Muleshoe is in Bailey County, and Littlefield is in Lamb County. 
Complainant and her baby were picked up by Appellant in Bailey County and driven to
Lamb County, then returned to Bailey County. 

 Appellant contends there is no evidence that he restricted complainant's movement
without her consent in Bailey County. We disagree. According to complainant, Appellant
led her to believe that he wanted to meet with her so he could have visitation with her baby. 
Appellant picked her and the baby up in Muleshoe, Bailey County, and then moved her to
Littlefield, Lamb County. She testified that had she known Appellant intended to take her
to Littlefield, she might not have gotten in his vehicle. She further testified that she told law
enforcement that Appellant did not have permission to take her to Littlefield. From this
evidence we conclude that a rational trier of fact could have found each element of the
offense beyond a reasonable doubt. Accordingly, the evidence is legally sufficient to
establish that Appellant substantially interfered with complainant's liberty by moving her
from Muleshoe to Littlefield. We further find that the evidence is legally sufficient to
establish that said restriction of complainant's movement was without consent because it
was accomplished by deception, to-wit: Appellant deceived her into thinking that his
visitation with the baby would occur in Muleshoe. That portion of Appellant's issue
challenging the legal sufficiency of the evidence is overruled. 

 Appellant maintains that from a factual sufficiency standpoint, the evidence is
"woefully inadequate." He argues that complainant had several opportunities to leave and
that her preparation for their meeting, i.e., car seat, baby food, indicated her intent to travel
with him. The fact that the complainant may have had an opportunity to leave or that she
had prepared for Appellant's visitation with the baby is not an affirmative defense to the
offense of unlawful restraint. The offense was complete the moment Appellant
intentionally or knowingly moved the complainant from Muleshoe without her consent.

 When recalled by the State, complainant was treated as a hostile, recanting witness. 
She testified she was taken to Littlefield without her consent. Once at the motel, she
claimed that she and Appellant argued and fought, he threatened to choke her, and would
not return her cell phone. Another guest of the motel, who was staying in the room next
door, testified that he heard a woman and baby screaming for hours.

 Complainant asserted her Fifth Amendment right against self-incrimination several
times when asked who drove to Littlefield. She admitted that once in Littlefield, she was
behind the wheel of the vehicle while Appellant checked into the motel. The motel owner
testified that complainant was behind the wheel of the vehicle while Appellant checked in
and that she drove the vehicle to the parking space while Appellant walked to the room. 
Complainant acknowledged that she had an opportunity to leave while Appellant was
completing paperwork in the motel office. However, although she was not afraid of
Appellant, she worried that had she left in his vehicle, he might have reported her for theft. 
She also testified she did not leave the motel on foot because she had no friends in
Littlefield. Additionally, it would not have been practical for complainant to walk in the cold
with her baby.

 Complainant also testified for the defense. She admitted it was not unusual for her
and Appellant to take trips to the motel in Littlefield. When cross-examined about her
previous testimony that she did not want to go to Littlefield, complainant asserted the Fifth
Amendment. As a witness for the prosecution, she testified that during the investigation,
she met with Appellant's attorney and prosecutors to find out how to stop Appellant's
prosecution. She had executed an affidavit of non-prosecution and had also retained her
own counsel. While testifying for the defense, however, she asserted the Fifth Amendment
when asked if it was clear from her testimony that she did not want Appellant to go to jail. 

 Mindful of the jury's function in evaluating complainant's credibility and demeanor
and in giving weight to her testimony, we cannot conclude that the great weight and
preponderance of the evidence contradicts the jury's verdict or that Appellant's conviction
is "clearly wrong" or "manifestly unjust." That portion of Appellant's issue challenging the
factual sufficiency of the evidence is overruled. 

 Consequently, the trial court's judgment is affirmed.


 Patrick A. Pirtle

 Justice



 

Do not publish.
1. When complainant was called to testify for the defense, she admitted the sexual 
relations on November 6th were consensual.



0;                                     Chief Justice
Do not publish.